**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 03-4397**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNELL KING, a/k/a Life,

Defendant - Appellant.

—————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-7644)

—————

Submitted: March 6, 2006          Decided: May 4, 2006

—————

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

—————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

—————

David B. Betts, Columbia, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On September 15, 2004, we affirmed Ronnell King's convictions and sentence. See United States v. King, 113 Fed. App'x. 504 (4th Cir. Sept. 15, 2004) (unpublished). On January 24, 2005, the Supreme Court of the United States granted King's petition for writ of certiorari, vacated this court's judgment, and remanded for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). We affirm King's convictions for the reasons stated in our prior opinion. We vacate his sentence and remand for resentencing.

In Booker, the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244.

Although King objected to the enhancements at issue, his objections did not rest on the rule in Blakely. Therefore, this

court's review is for plain error.  See <u>United States v. Rodriguez</u>, 433 F.3d 411, 415-16 (4th Cir. 2006); <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).

In <u>Hughes</u>, this court held that a sentence imposed under the pre-<u>Booker</u> mandatory sentencing scheme and enhanced based on facts found by the court, not by a jury, constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under <u>Booker</u> when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme.  <u>Hughes</u>, 401 F.3d at 555-56.

King's sentence of 151 months' imprisonment exceeded the 41 to 51 month sentencing range that would have applied absent the enhancements that were based on facts not found by the jury or admitted by King.  Because the district court engaged in judicial fact-finding to determine King's offense level, and because the resulting guideline range was imposed in a mandatory manner, there was a Sixth Amendment violation under <u>Booker</u>.[*]  Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  543 U.S. at 745.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings

---

[*]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of King's sentencing.

appropriate for that determination.  <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2).  <u>Id.</u>  The sentence must be within the statutorily prescribed range and reasonable.  <u>Id.</u> at 547; <u>see also</u> <u>United States v. Green</u>, 436 F.3d 449 (4th Cir. 2006).

Accordingly, although we affirm King's convictions, we vacate his sentence and remand for further consideration in light of <u>Booker</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>