**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4726**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNELL KING, a/k/a Life,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:02-cr-00047-CWH-1)

Submitted:  May 2, 2007                Decided:  August 15, 2007

Before WIDENER* and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

---

*Judge Widener was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Ronnell King was convicted by a jury of carjacking, possession of a firearm in relation to a carjacking, and being a felon in possession of a firearm. We previously affirmed King's convictions and sentence, see United States v. King, 113 F. App'x 504 (4th Cir. Sept. 15, 2004) (unpublished), but the Supreme Court vacated this court's judgment and remanded for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). On remand, we again affirmed King's convictions, but we vacated his sentence and remanded for resentencing in light of Booker. See United States v. King, 178 F. App'x 314 (4th Cir. May 4, 2006) (unpublished). On remand, the district court sentenced King to 235 months imprisonment. King's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in resentencing when, in connection with calculating the offense level for the felon-in-possession charge, it cross-referenced the base offense level for attempted first degree murder rather than that for a lesser degree of attempted murder. King was advised of his right to file a pro se brief, and did so, asserting that his within guidelines sentence was unreasonable, that the district court failed to analyze properly the factors set forth in 18 U.S.C. § 3553(a), and that the enhancements applied by the district court violated his Sixth

- 2 -

Amendment rights. Because our review of the record discloses no reversible error, we affirm King's sentence.

When setting the base offense level for a felon-in-possession charge under 18 U.S.C.A. § 922(g), section 2K2.1 of the Sentencing Guidelines requires the district court to apply U.S.S.G. § 2X1.1 "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense" and if the application of § 2X1.1 results in an offense level higher than otherwise provided for by § 2K2.1. See U.S.S.G. § 2K2.1(c)(1) (2002). Section 2X1.1 requires application of "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a).

The evidence presented at trial established that King shot a man in the back during the course of one of the robberies in the crime spree that gave rise to the charges against King. The district court therefore looked to U.S.S.G. § 2A1.1, which applies to attempted murders and assaults with intent to commit murder. The district court assigned King a base offense level of 28, which applies "if the object of the offense would have constituted first degree murder." U.S.S.G. § 2A2.1(a)(1). On appeal, counsel for King contends that the district court should have instead assigned a base offense level of 22, which applies when the object of the

- 3 -

offense would not have constituted first-degree murder. See U.S.S.G. § 2A2.1(a)(2). King argues that the higher base offense level would be appropriate only where there was evidence of premeditation, which he contends was absent in his case.

Murder is defined as "the unlawful killing of a human being with malice aforethought. Every murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing . . . is murder in the first degree." 18 U.S.C.A. § 1111(a) (West Supp. 2006). A murder committed during the perpetration of a robbery is also first degree murder. See id. Given the evidence that was presented at trial, we find no error in the district court's determination that the object of the offense would have amounted to first degree murder.

Moreover, we have reviewed King's claims raised in his supplemental brief, and find them to be without merit. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm King's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

- 4 -

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED